

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# Cook v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cook v. Philadelphia" (2006). *2006 Decisions*. Paper 1100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-210                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4965

ROBERT L. COOK, JR.;
MARVIN SPENCE,

Appellants

v.

CITY OF PHILADELPHIA, (A Subdivision of the Commonwealth of Pennsylvania);
RONALD D. CASTILLE, (Former District Attorney of Philadelphia); LYNNE
ABRAHAM, (District Attorney of Philadelphia); JACK MCMAHON, Esq. (Former
Assistant District Attorney in Philadelphia); JANE DOE, (Employee of the City of
Philadelphia); JOHN DOE, (Employee of the City of Philadelphia); RACHEL ROE,
(Employee of the City of Philadelphia); RICHARD ROE, (Employee of the City of
Philadelphia), Individually, and in their Official Capacities

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-02173)
District Judge:  Honorable Louis H. Pollak

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
April 27, 2006
Before: BARRY, SMITH AND NYGAARD, Circuit Judges

(Filed:   May 16, 2006)
_____

OPINION
_____

PER CURIAM

Appellants Robert Cook and Marvin Spence appeal from the dismissal of their

complaint under Federal Rule of Civil Procedure 12(b)(6). We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

Robert Cook and Marvin Spence are both current Pennsylvania inmates who were tried and convicted of murder. Beyond that, their cases are unrelated except that Assistant Philadelphia District Attorney Jack McMahon represented the Commonwealth at both trials. In April 1997, the District Attorney's Office ("DAO") released a training video depicting Jack McMahon repeatedly advising his audience to use peremptory strikes against Black jurors, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Because the Appellants' procedural histories and current statuses are widely divergent, we briefly summarize each case below.

A.    Robert Cook

In 1988, a Philadelphia jury convicted Cook of first-degree murder. The trial court sentenced him to life imprisonment and a concurrent term on a weapons offense. After unsuccessfully pursuing an appeal and a Post-Conviction Relief Act ("PCRA") petition, he filed a second PCRA petition in 1997. While this petition was pending, the DAO released the McMahon tape. Counsel filed an untimely amended petition in 1999, which the PCRA court dismissed. An appeal was also dismissed for lack of jurisdiction. In 2003, Cook filed a petition pursuant to 28 U.S.C. § 2254 in the District Court alleging a Batson violation. The District Court dismissed the petition holding that it was untimely under 28 U.S.C. § 2244(d)(1). See Cook v. Beard, No. 03-05324 (E.D. Pa.).

2

A jury also found Cook guilty of a second unrelated murder in 1988, and subsequently sentenced him to death. Again, his conviction and sentence were affirmed on direct appeal. He filed for PCRA relief in 1999, raising a Batson claim. The PCRA court found no violation of Batson, but granted him a new sentencing hearing. He was subsequently resentenced to life imprisonment.

B.      Marvin Spence

In 1988, Spence was arrested and charged with aggravated assault and murder. A jury found him guilty of first-degree murder and sentenced him to death. On June 15, 2000, Spence filed a PCRA petition raising a Batson challenge. In 2004, the PCRA court vacated the conviction and sentence on Batson grounds and granted Spence a new trial, which is currently ongoing.

C.      Current Litigation

Cook and Spence jointly filed a single complaint under 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of their Fourth, Fifth, Eighth, and Fourteenth Amendment rights as well as numerous state law causes of action. They also allege that the District Attorneys and the City of Philadelphia inadequately trained and supervised Assistant District Attorneys. Cook and Spence each request twenty million dollars in monetary damages, plus court costs.

The District Court found that the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), bars both Plaintiffs from seeking relief through a civil rights claim because a favorable ruling would necessarily imply the invalidity of the

convictions. We agree, but for slightly different reasons.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291, and will dismiss an appeal under § 1915(e)(2)(B)(I) when the appeal is completely lacking in legal or factual merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### A. Cook's Convictions

We first address whether Heck prevents Cook from asserting his civil rights claims. In Heck, the Supreme Court held that a litigant cannot proceed under § 1983 if success on his claim would necessarily imply the invalidity of the fact or duration of his conviction or sentence. 512 U.S. at 481. The Court more recently clarified this position by stating that state prisoners must "use only habeas corpus remedies . . . when they seek to invalidate . . . their confinement–either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1247 (2005).

Cook's first conviction has never been reversed, vacated, or called into question. A holding by this Court declaring that the jury was purposefully improperly empaneled

---

[1] To the extent the Appellants seek review over the denial of their motion to amend the complaint to add William Basemore as a Plaintiff and their motion for class certification, the appeal with respect to these issues is meritless as well. First, Basemore never submitted any indication of his intent to join as a Plaintiff. Second, a class action under Federal Rule of Civil Procedure 23 will not stand where the proposed representative parties are dismissed.

would call into question the validity of Cook's conviction.  See Batson, 476 U.S. at 100 (requiring reversal where a Batson violation exists).  The District Court correctly found that Cook's claims with respect to his first conviction are barred.  For similar reasons, Cook's claims with respect to his second conviction are also barred.  The only notable distinction between his first and second conviction is that because Cook was resentenced on the latter, he may have the ability to raise his claims on direct appeal, thereby potentially receiving the relief to which he believes he is entitled.  This possibility does not alter the conclusion that, at this stage, the conviction has not been invalidated.

B.      Spence's Conviction

Unlike Cook, Spence did receive relief on his Batson claim.  Relying on Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996), the District Court concluded that "the jury selection claims would not necessarily invalidate any future trial heard by a properly empaneled jury, but, as in Smith, Spence's claims of conspiracy and withholding of exculpatory evidence would invalidate any possible conviction that might arise out of a new trial." Cook v. City of Philadelphia, No. 04-2173, Order at 7 (E.D. Pa. Oct. 12, 2005).

In Smith, we explained that the favorable termination rule applies to pending charges as well as final convictions.  See Smith, 87 F.3d at 112-13.  There, the Pennsylvania Supreme Court vacated a conviction because the trial court improperly admitted otherwise inadmissible hearsay evidence.  Smith then discovered that the prosecution had intentionally withheld exculpatory information.  Smith filed a motion to dismiss his charges arguing that intentional misconduct places any retrial within the scope

5

of the Double Jeopardy Clause. The Pennsylvania Supreme Court agreed and dismissed the charges holding that "the Double Jeopardy Clause of the Pennsylvania Constitution prohibits retrial of a defendant . . . when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." Commonwealth v. Smith, 615 A.2d 321, 325 (Pa. 1992). It continued that the intentional withholding of material exculpatory evidence rose to the point of denying a fair trial.

We were called on to address whether the statute of limitations for filing a civil rights complaint commenced at the time Smith discovered that the prosecution withheld exculpatory materials, or when his charges were dismissed. Id. at 110-11. We concluded that Heck barred the suit until the charges were dismissed because a holding in Smith's favor would have implied the invalidity of any future conviction. Id. at 113-14.

The District Court held that ruling in Spence's favor with respect to the Batson issue would not necessarily imply the invalidity of his future conviction. We assume this is because finding that the previous jury was intentionally improperly empaneled does not appear to affect the validity of a newly selected panel. However, a ruling against McMahon that he intentionally excluded Black venire members to deny Spence a fair trial would invoke Pennsylvania's Double Jeopardy Clause and require the dismissal of all charges. See Smith, 615 A.2d at 325. The same is true for his official liability claims. See Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003) (explaining that success on a failure to train case requires a showing of a conscious or deliberate choice that a particular policy shall govern official conduct). Finally, his

6

conspiracy and failure to intervene claims under 42 U.S.C. §§ 1985 and 1986 are also barred under <u>Heck</u> because to prove either claim, Spence must show that he was denied his constitutional rights and that the officials intended or knew about the deprivation.  <u>See</u> <u>Bougher v. Univ. of Pittsburgh</u>, 882 F.2d 74, 79 (3d Cir. 1989) (§ 1985); 42 U.S.C. § 1986; <u>Jones v. City of Philadelphia</u>, 491 F. Supp. 284, 288 (E.D. Pa. 1980) (requiring that officials possess knowledge of the deprivation in order to be liable under § 1986). Spence's request for the appointment of counsel on appeal is denied as moot.[2]

For the foregoing reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(I).

---

[2]  We note that District Court did not abuse its discretion in declining to address the state causes of action.  <u>See</u> <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).